**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **In re:** ) | | Chapter 7 |
| ) | | |
| **CHARLES ERNEST HELMICK and** ) | | |
| **MARCESE ELLINE HELMICK,** ) | | Case No. 09-50244 |
| ) | | |
| **Debtors.** ) | | |
| _____) | | |
| ) | | |
| ) | | |
| **MARCESE ELLINE HELMICK,** ) | | |
| ) | | |
| **Plaintiff.** ) | | Adversary Proceeding |
| ) | | No. 09-05015 |
| **v.** ) | | |
| ) | | |
| **GARY GRAY,** ) | | |
| ) | | |
| **Defendant.** ) | | |

**O R D E R**

At Harrisonburg in said District this 22nd day of June, 2009:

The plaintiff, Marcese Helmick, filed the above-captioned adversary proceeding on April 29, 2009. The defendant, Gary Gray, failed to file an answer within the thirty days provided in Bankruptcy Rule 7012. A pretrial conference was held on June 16, 2009. Mr. Gray failed to appear. Ms. Helmick, however, is precluded from obtaining the relief that she prays for as a matter of law.

Charles and Marcese Helmick (the "Debtors") own real property located at 28 Fairfield Drive, Staunton, Virginia in Augusta County (the "Residence"). A recent appraisal indicates that the Residence was worth $240,000.00 as of their petition date in bankruptcy. The Debtors owe a debt of approximately $252,593.64 to Wells Fargo Home Mortgage secured by a First Deed of Trust on the Residence. The First Deed of Trust is recorded in the Clerk's Office of Augusta County, Virginia. On January 9, 2009, Mr. Gray obtained a judgment in the General District Court of Roanoke City against Ms. Helmick in the amount of $9,132.70 plus additional interest, fees, and attorneys' fees. Mr. Gray recorded the judgment in the Clerk's Office of the Circuit Court of Augusta County, Virginia. The Debtors filed a

voluntary Chapter 7 petition with this Court on February 26, 2009. The Chapter 7 Trustee issued a report of no distribution on March 26, 2009. An order discharging the Debtors was entered May 27, 2009. Mr. Gray did not file a proof of claim in the Debtors' case.

In this adversary proceeding, Ms. Helmick requests that this Court void Mr. Gray's judicial lien pursuant to 11 U.S.C. § 506 because there is no value in the Residence to secure any portion of the claim. Ms. Helmick maintains that the debt she owes to Mr. Gray is an unsecured debt pursuant to § 506(a)(1) and thus not an allowed secured claim. Ms. Helmick argues that the lien is therefore voidable pursuant to § 506(d).

Section 506(a)(1) of the Bankruptcy Code provides that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a)(1). Section 506(d) provides that a "lien secur[ing] a claim . . . that is not an allowed secured claim . . . is void" unless disallowance is due only to the creditor's failure to file a proof of claim. Id. § 506(d). Section 502 governs the allowance or disallowance of claims. Id. § 502. A claim is deemed allowed if the creditor files a proof of claim and no party objects. Id. § 502(a).

The Supreme Court in Dewsnup v. Timm, 502 U.S. 410, 112 S.Ct. 773 (1992), held that a debtor may not "strip down" a creditor's undersecured, consensual lien pursuant to § 506(d).[1] The Fourth Circuit extended the Dewsnup rationale to a debtor attempting to "strip off" an allowed but wholly unsecured junior lien. Ryan v. Homecomings Financial Network, 253 F.3d 778 (4th Cir. 2001) (citing Dewsnup, 502 U.S. 410, 112 S.Ct. 773). The same logic applies where a debtor is attempting to "strip off" a wholly unsecured, non-consensual lien disallowed only for the creditor's failure to file a proof of claim. Crossroads of Hillsville v. Payne, 179 B.R. 486, 490 (W.D. Va. 1995). "[T]he failure to file a

---

[1] "The term 'strip down' is used when a mortgage is partially secured and partially unsecured, while the term 'strip off' is used when a junior mortgage is totally unsecured." Ryan v. Homecomings Financial Network, 253 F.3d 778 (4th Cir. 2001) (internal quotation marks and citation omitted).

claim at all[] does not constitute sufficient grounds for extinguishing a perfectly valid lien." In re Hamlett, 322 F.3d 342, 349 (4th Cir. 2003) (citation omitted).

In this case, Ms. Helmick is attempting to "strip off" a wholly unsecured judgment lien disallowed due only to Mr. Gray's failure to file a proof of claim. While § 506(d) allows the court to void disallowed liens, § 506(d)(2) specifically precludes avoidance of liens that are disallowed solely because the creditor failed to file a proof of claim. 11 U.S.C. § 506(d)(2). Further, Dewsnup and its progeny prohibits the avoidance under § 506(d) of the unsecured portion of a valid lien as determined by § 506(a)(1). Ms. Helmick is therefore precluded from obtaining the relief requested as a matter of law. Accordingly, it is:

**ORDERED**:

That Plaintiff's prayer for relief is denied and this adversary proceeding is dismissed.

Copies of this Order are directed to be sent to counsel for the Debtor, Roland S. Carlton, Jr., Esq.; and to the Defendant, Gary Gray, 1024 15th Street, Roanoke, VA 24013.

Entered: June 22, 2009

Ross W. Krumm
U. S. Bankruptcy Judge

3